IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JASON ALAN JUSTICE,

                Plaintiff,

      v.                                      CASE NO. 16-3215-SAC-DJW

STATE OF KANSAS,

                Defendant.

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Mr. Justice, a pretrial detainee confined in the Sedgewick County Detention Facility in Wichita, Kansas, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. He proceeds in forma pauperis.[1] Plaintiff's complaint rambles and is largely unintelligible. From a careful review, however, the court has gleaned that Mr. Justice (1) challenges the validity of his pre-trial confinement during the pendency of a criminal case in Sedgewick County, Kansas, and (2) complains about the conditions of his confinement at the Sedgewick County Detention Facility. As relief, plaintiff asks the court to construe the Kansas state statutes involved in his criminal case according to common-law and constitutional limitations, to release him from confinement, to award monetary damages, and to investigate. Mr. Justice also brings a claim for the "tort of outrage" and seeks a preliminary injunction. Pending before the court are plaintiff's motion to amend complaint (Doc. 6) and motion for preliminary injunction, appointment of counsel, and hearing (Doc. 9).

---

[1] On October 27, 2016, the court granted plaintiff's motion for leave to proceed in forma pauperis and directed plaintiff to pay an initial partial filing fee of $3.50 within 14 days of receiving the order. On November 15, 2016, the court granted plaintiff's request to waive the initial partial filing fee.

1

# HABEAS CORPUS UNDER 28 U.S.C. § 2241

Because the complaint raises a claim of illegal confinement and challenges a state criminal court action, that portion of this action is properly considered as a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See Preiser v. Rodriguez,* 411 U.S. 475, 498 (1973); *U.S. v. Furman*, 112 F.3d 435, 438–439 (10th Cir. 1997), cert. denied, 513 U.S. 1050 (1994).

The court is required by Rule 4 of the Rules Governing Section 2254 Cases, 28 U.S.C.A. foll. § 2254 (HC Rule 4) to review a habeas petition upon filing and to sua sponte dismiss the petition without ordering a responsive pleading if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id., see also Mayle v. Felix,* 545 U.S. 644, 655 (2005); *McFarland v. Scott,* 512 U.S. 849, 856 (1994). Under 28 U.S.C. § 2241(c)(3), the writ of habeas corpus shall not extend to a pretrial detainee with pending state criminal charges unless he is in custody in violation of the Constitution or laws or treaties of the United States. Having examined all materials filed, the court finds that a portion of this action is subject to dismissal upon screening because plaintiff has not exhausted the remedies available to him in the Kansas state courts and because *Younger* abstention precludes this court's intervention in plaintiff's state court action.

Plaintiff alleges in his complaint that the Kansas state statutes which he has been charged with violating are unconstitutional, that his property (which purportedly contains both unidentified exculpatory evidence, as well as evidence the state is using against him) has been unlawfully seized, that the evidence against him is wrong, and that the 18th Judicial District Court proceedings are unfair and unjust. He seeks release from confinement, compensation, and the construction of the Kansas state statutes according to "common-law and constitutional limitations imposed on legislative and law-making."

Under 28 U.S.C. § 2254(b)(1), the court cannot grant an application for writ of habeas corpus on behalf of a person in state custody unless the applicant shows that (1) he has exhausted the remedies available to him in state court or (2) the state corrective process is either unavailable or ineffective. Accordingly, a petitioner challenging pretrial detention is required to fully exhaust the remedies available in the state courts before seeking relief in federal court. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (a habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.); *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002); *Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981). To satisfy this exhaustion prerequisite, petitioner must have presented the very issues raised herein to the Kansas Supreme Court, either by way of direct appeal or by state post-conviction motion. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).

Plaintiff states in his petition that he has not presented his claims to the highest state court. Rather, he asserts that he has sought informal relief through the internal "kite" system of the Sedgwick County Detention Facility. The court finds that plaintiff's allegations indicate that he has not yet exhausted all remedies available in the courts of the state. The proper procedure for review of plaintiff's claims is to file a petition under K.S.A. § 60-1501 for state habeas relief. Plaintiff has not done so. And, while plaintiff conclusorily alleges that all of his kites have been denied and that some have been deleted, he presents no evidence – beyond his disagreement with them – that the available state court processes are ineffective or futile. Accordingly, the court finds that plaintiff's habeas corpus claims must be dismissed, without prejudice to his filing another federal petition once state remedies have been exhausted.

Additionally, the court finds the abstention doctrine precludes this court's intervention in plaintiff's pending criminal action. Federal courts generally should abstain from enjoining state

criminal proceedings that (1) are ongoing, (2) offer an adequate forum to hear the plaintiff's federal claims, and (3) implicate important state interests. *Younger v. Harris,* 92 S. Ct. 746, 43 (1971); *see Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 432 (1982). These three conditions are met in this case. Plaintiff's state criminal proceeding is ongoing, and the prosecution of a person accused of violating state law implicates an important state interest. *See, e.g., Hicks v. Miranda*, 422 U.S. 332, 349 (1975) (invoking *Younger* abstention in a case involving a pending state criminal prosecution, noting that the doctrine permits state courts to try state cases without a federal court's interference). Finally, the Kansas courts provide plaintiff with an adequate opportunity to present his federal claims.

To avoid application of the abstention doctrine, plaintiff must demonstrate "harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); see *Younger v. Harris*, 401 U.S. at 54 (recognizing an exception when the claimant shows "bad faith, harassment, or any other unusual circumstance that would call for equitable relief"). Notwithstanding plaintiff's broad claims that he is being prosecuted unfairly, the record discloses no factual allegations suggesting either that plaintiff would suffer irreparable injury if the state court proceedings were allowed to go forward, or that the criminal charges were brought by the prosecutor with no hope of a valid conviction but merely to harass him. The court thus finds that all the Younger abstention conditions are satisfied in this case, and that the habeas portion of plaintiff's action subject to dismissal without prejudice.

## 42 U.S.C. § 1983

With regard to plaintiff's complaint about the conditions of his confinement, the court is required by statute to screen the complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A pro se party's complaint must be given a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a party proceeding pro se has "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

Regarding the conditions of his confinement, plaintiff alleges that he has been assaulted by employees of the Sedgwick County Sheriff's office, that he has medical issues including dental and dietary needs that the Sedgwick County Sheriff's office has not 'completely addressed", that the Sedgwick County Detention Facility is unclean, that the metal toilet seats are cold, that the tap water tastes like rubber and causes heart burn, that staff is unfriendly and unprofessional, that it takes a long time to access the law library, and that the food is mostly starch and water.

This portion of plaintiff's complaint suffers from several defects. First, a state is not a proper defendant because it is not a "person" subject to suit for money damages under § 1983. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66, 71 (1989) (neither state nor state agency is a "person" which can be sued under Section 1983); *Davis v. Bruce*, 215 F.R.D. 612, 618 (D.

Kan. 2003), *aff'd in relevant part*, 129 Fed. Appx. 406, 408 (10th Cir. 2005). Plaintiff has named only one defendant in this case – the State of Kansas – which is not a person subject to suit. Accordingly, plaintiff has presented no actionable claim upon which relief can be granted and this portion of his complaint is subject to summary dismissal.

Additionally, plaintiff's conclusory claims regarding assault are subject to dismissal. Courts generally analyze a prisoner's claim of excessive force under the Eighth Amendment's cruel and unusual punishment clause. *Cf. Whitley v. Albers,* 475 U.S. 312, 320-321 (1986); *Sampley v. Ruettgers*, 704 F.2d 491, 494-496 (10th Cir. 1983). Not every isolated battery or injury to an inmate amounts to a federal constitutional violation. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (Not "every malevolent touch by a prison guard gives rise to a federal cause of action."); *Smith v. Iron County*, 692 F.2d 685 (10th Cir. 1982) (A prison guard's use of force against a prisoner is not always a constitutional violation.); I, 750 F.2d 829, 831 (10th Cir. 1984) (While an assault by a jailer on his prisoner can give rise to an action under section 1983, a jailer's use of force against a prisoner is not always a constitutional violation.). Plaintiff's allegation that he was assaulted and battered by a correctional officer during an argument about a Styrofoam cup fails, without more, to state a claim of violation of the United States Constitution. Accordingly, plaintiff's claim is subject to dismissal because he fails to allege adequate facts in support.

Plaintiff's claims regarding his unmet medical issues and the condition of the Sedgwick County Detention Facility are also deficient. To state a claim for deliberate indifference, plaintiff must allege that he had a serious medical need for which prison officials intentionally and deliberately denied, delayed access to, or interfered with necessary medical care. *See Estelle v. Gamble,* 429 U.S. 97, 104 (1976). Plaintiff's allegations regarding medical needs which have

not been "completely addressed" at most allege negligence, which does not violate the United States Constitution and is therefore not a deprivation of rights under 42 U.S.C. § 1983. *Daniels v. Williams,* 474 U.S. 327, 332 (1986). Similarly, plaintiff's complaints about the taste of the water, the cold toilet seats, the unfriendly and unprofessional staff, the food, and and the law library do not state a constitutional violation. The constitution does not mandate comfortable confinement, and only deprivations which deny "the minimal civilized measures of life's necessities" are sufficient to form the basis of an Eighth Amendment violation. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Plaintiff's allegations in this regard do not rise to the level of a constitutional violation and are therefore subject to dismissal.

## PENDING MOTIONS

Also pending before the court are plaintiff's motion for plaintiff's motion to amend complaint (Doc. 6) and motion for preliminary injunction, appointment of counsel, and hearing (Doc. 9). With regard to the motion to amend complaint to add plaintiff's prior attorney as a defendant and to "clarify that [his] lawsuit is with jury demand", the court has considered and denies it. If a proposed amendment cannot withstand a motion to dismiss or otherwise fails to state a claim, the court may refuse to grant leave to amend. *Ketchum v. Cruz,* 961 F.2d 916, 920 (10th Cir. 1992). Plaintiff's proposed amendments do not cure the complaint's deficiencies and are therefore futile.

Additionally, the court denies plaintiff's motion for preliminary injunction, appointment of counsel, and hearing. There is no constitutional right to appointment of counsel in a civil action. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The

burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004)). The court has considered the potential merit of plaintiff's claims along with other pertinent factors, and finds that plaintiff has not asserted a colorable claim. The court concludes that appointment of counsel is not warranted.

With respect to plaintiff's requests for a preliminary injunction and hearing, plaintiff conclusorily alleges that various judges who are not parties to this action are denying plaintiff justice and due process of law. To obtain a preliminary injunction, the movant must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest. *Schrier v. University of Co.*, 427 F.3d 1253, 1258 (10th Cir. 2005); *Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2001). "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003). Plaintiff makes no attempt to show any of these factors, and for reasons already stated, the court finds that plaintiff cannot shown a likelihood of success on the merits. Moreover, plaintiff is not entitled to a hearing because he has not alleged sufficient facts to support either the granting of a preliminary injunction or the finding of a federal constitutional violation.

Accordingly, plaintiff's motion for plaintiff's motion to amend complaint (Doc. 6) and motion for preliminary injunction, appointment of counsel, and hearing (Doc. 9) are denied.

For the reasons stated herein, it appears that this action is subject to dismissal in its entirety as frivolous and for failure to state a claim. Plaintiff is therefore required to show good cause why his complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper Amended Complaint upon court-approved forms that cures all the deficiencies discussed herein. If he does not file an Amended Complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient complaint.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff is granted thirty (30) days in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why plaintiff's complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that within the same thirty-day period plaintiff may file a complete and proper Amended Complaint to cure all the deficiencies discussed herein.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend complaint (Doc. 6) is denied, without prejudice;

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction, appointment of counsel, and hearing (Doc. 9) is denied, without prejudice.

The clerk is directed to send forms and instructions to plaintiff.

**IT IS SO ORDERED.**

Dated this 22nd day of September, 2017, at Topeka, Kansas.

**s/Sam A. Crow**
**U. S. Senior District Judge**