# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JASON ALAN JUSTICE,

    Plaintiff,

v.

SAM BROWNBACK, et al.,

    Defendants.

Case No. 16-3215-DDC-TJJ

## MEMORANDUM AND ORDER

On September 22, 2017, the court issued a screening order addressing plaintiff Jason Alan Justice's original Complaint and various motions he filed. Doc. 10. The court noted several deficiencies in the Complaint and ordered plaintiff to show cause why the court should not dismiss this case. In that same Order, the court also permitted plaintiff to file an Amended Complaint to address the original Complaint's deficiencies, as described in the screening order. *Id.* at 9.

On November 13, 2017, plaintiff filed his Amended Complaint, largely repeating the claims he made in his first Complaint. As it did with the original Complaint, the court must conduct an initial review of the case under the Amended Complaint. *See* Rule 4 of the Rules Governing Section 2254 Cases; 28 U.S.C. § 1915(e)(2)(B). After conducting an initial review, the court concludes that the Amended Complaint still suffers from deficiencies that prevent the court from granting any relief. Plaintiff also filed several other motions and filings after he filed the Amended Complaint. The court declines to grant plaintiff any of the relief sought in those filings. The court explains its reasoning, below.

**I.     Background**

On November 13, 2017, plaintiff filed the newly amended Complaint ("Complaint"). Doc. 14. The supplemental materials and exhibits to the Complaint indicate that in the District Court of Sedgwick County, Kansas, Case No. 16-CR-2867 ("2016 case"), a jury recently convicted plaintiff of violating the Kansas Offender Registration Act ("KORA"). Doc. 14-1 at 4. The docket of the Kansas Court of Appeals shows that an appeal of that conviction currently is pending.[1] Plaintiff also has convictions from cases in 2001 and 2008. Plaintiff contends that he is innocent of the crime he was convicted for in 2001. And he argues that the court should reverse his 2008 conviction for two reasons: (1) it was the result of a bill of attainder; and (2) the judge coerced him into pleading no-contest after denying his motion to dismiss based on destruction of evidence. Doc. 14-1 at 3. Also, Kansas state prosecutors filed a third case against plaintiff in 2015. But the charges in that case were dismissed.

The Complaint lists 17 defendants.[2] They are:

- Governor Sam Brownback,[3]
- Judge Warren Wilbert,
- Judge Kevin O'Connor,
- Monika Hoyt,

---

[1]     The court takes judicial notice of this appeal. *See Craft v. Middleton*, 524 F. App'x 395, 397 n.4 (10th Cir. 2013) (taking judicial notice of a docket when considering a motion to dismiss a prisoner's § 1983 claim).

[2]     Plaintiff filed a longer list of defendants as part of a filing docketed as a "preliminary response brief." Doc. 13 at 4. The court does not consider the longer list because plaintiff did not file it as part of the Complaint. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties . . . .").

[3]     The Complaint does not specify whether plaintiff sues Governor Brownback in his official capacity. If he does, Governor Colyer's name should replace Governor Brownback's. *See* Fed. R. Civ. P. 25(d) (providing that an "officer's successor is automatically substituted as a party"). But the court cannot discern in which capacity plaintiff sued Governor Brownback and the court need not know the answer to that question at the present moment because it doesn't affect the court's analysis here.

- Ian Clark,

- Jama Mitchell,

- Steven Wagle,

- Erica Davis,

- Kenneth B. Miller,

- Evan C. Watson,

- Shea Carpenter,

- Rick Moore,

- Christopher Wray,

- Jeff Easter,

- Judge Sam A. Crow,

- Kevin Lovinger, and

- Seth Lenker.

As with his claims against Governor Brownback, the Complaint does not identify whether plaintiff sues these defendants in their personal or official capacity.

The Complaint identifies three causes of action. Count I alleges that KORA violates the Fourteenth Amendment of the Constitution. Count II alleges a Fourth Amendment violation based on an allegedly illegal search and seizure that produced evidence used to convict plaintiff in the 2016 case. Finally, Count III asserts that KORA violates the First, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, Thirteenth, and Fourteenth Amendments. While it is not clear from the Complaint, the claims appear to arise from the four criminal cases filed against plaintiff. The Complaint requests relief in the following forms: an injunction against KORA enforcement;

3

relief from the unconstitutional convictions in the three cases where plaintiff was convicted; monetary compensation; and a public apology.

## II.     Legal Standard

This case is before the court for the purpose of screening the Complaint under 28 U.S.C. § 1915A and deciding plaintiff's pending motions. The court is mindful that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But a pro se litigant is not relieved from following the same procedural rules as any other litigant. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Likewise, the court may not act as an advocate for the litigant. *Hall*, 935 F.2d at 1110.

When screening the Complaint, the court determines whether it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). So, the court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (using the same standard courts apply to a Rule 12(b)(6) motion when screening the complaint of an *in forma pauperis* litigant). The court views the Complaint's well-pleaded factual allegations in the light most favorable to plaintiff. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). But a Complaint does not state a claim for relief simply by alleging that the elements of a cause of action are met, or making broad legal conclusions. *Iqbal*, 556 U.S. at 678. The governing case law instructs the court that it need not accept legal conclusion as true. *Id.*

III.   **Discussion**

   A.   **Habeas Relief**

The Complaint references habeas statutes—specifically, 28 U.S.C. §§ 2241 and 2254—and its attached materials also reference habeas relief.[4] The court thus construes the Complaint as one seeking such relief for his convictions in the 2001, 2008, and 2016 cases. This portion of the Complaint presents a few preliminary issues. First, the local rules require plaintiff to file a habeas petition on court approved forms. D. Kan. Rule 9.1(a). So, the court dismisses these claims without prejudice so that plaintiff can refile his habeas claims on court-approved forms in a separate action. Plaintiff can secure these forms from the Clerk's office, free of charge.

While the court defers final action on the screening order, on the current Complaint, plaintiff's claims face a number of dispositive shortcomings.

First, plaintiff has failed to establish that he has exhausted his state remedies for the 2016 and 2008 cases. "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). It is evident that plaintiff has not exhausted his state court remedies for his most recent conviction in the 2016 case because his direct appeal currently is pending. In the 2008 case, plaintiff represents that he pleaded guilty. The record fails to show any appeal from that guilty plea. Also, the court has searched the Kansas Court of Appeals docket and used Westlaw's database. Neither source showed that plaintiff appealed that conviction.

Plaintiff's pending appeal in the 2016 case also manifests another obstacle for his habeas claim based on that conviction. In the court's screening order, the court noted that the *Younger* abstention doctrine "precludes this court's intervention in plaintiff's pending criminal action."

---

4   Plaintiff also filed two motions which ask for habeas relief. *See* Docs. 23, 28.

5

Doc. 10 at 3. Here, plaintiff's prosecution in the 2016 case for violating KORA still is pending. Counts I and III ask the court to intervene in that state court case by finding that KORA is unconstitutional. Count II asks this court to intervene in the 2016 case by finding that the government conducted an illegal search that produced evidence used to convict him. These claims plainly ask a federal court to intervene in his state court criminal case. As the screening order explains, a federal court must abstain from considering plaintiff's claims for injunctive or other equitable relief affecting the 2016 case. Doc. 10 at 3–4 (citing *Younger v. Harris*, 401 U.S. 37, 43 (1971)).

Plaintiff nonetheless argues that the court must intervene because the state court system is ineffective. *See Columbian Fin. Corp. v. Stork*, 811 F.3d 390, 394 (10th Cir. 2016) (noting that *Younger* abstention only applies if the state court provides an adequate forum for the claims plaintiff raises). But plaintiff never provides any reason why this is so. *See Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1266 (D. Kan. 2008) (holding that plaintiff failed to prove that a Kansas state court provided an inadequate forum in which to present federal claims where he made no argument why a Kansas court could not entertain his claims). And a presumption exists that a state court can entertain a constitutional issue, like the ones plaintiff asserts here. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("[A] federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.").

Also, the claims based on the 2001 and 2008 case—as pleaded—are untimely. A one-year statute of limitations governs the filing of habeas claims. 28 U.S.C. § 2244(d). This limitation begins to run when the state-court judgment becomes final. *Id.* It is evident from the face of the Complaint that any claim for habeas relief from the sentences and convictions from

6

the 2001 and 2008 cases is untimely.[5] Indeed, in an earlier case filed in this court, plaintiff sought habeas relief from his conviction in the 2001 case. *See Justice v. McKune*, No. 06-3233-SAC, 2006 WL 3314543, at *1 (D. Kan. Oct. 10, 2006). The court dismissed that petition—filed more than 10 years before plaintiff filed this one—as untimely. *Id.*

Plaintiff argues that he may bring a habeas petition for the 2001 case because he can prove that he is innocent of the crime. A prisoner can bring a habeas petition outside the one-year statute of limitations if he shows that "in the light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Bousley v. United States*, 523 U.S. 614, 623 (1998). This standard requires a prisoner to produce new evidence that establishes his innocence—and not merely something that casts doubt about the sufficiency of the evidence presented at trial. *Id.* This exception only applies in extraordinary cases. *House v. Bell*, 547 U.S. 518, 538 (2006). Here, plaintiff has failed to identify any evidence establishing his innocence of the crime of conviction in the 2001 case. In fact, he contends that he needs a *Martinez* report[6] "to reveal facts." Doc. 14-1 at 3. Merely alleging that a *Martinez* report would reveal facts does not provide a valid basis for the actual innocence exception. *See O'Boyle v. Ortiz*, 242 F. App'x 529, 531 (10th Cir. 2007) (holding that speculation about what new evidence might reveal is insufficient to establish actual innocence).

Plaintiff also argues that he can bring a habeas petition based on the 2008 case beyond the one-year statute of limitations because that conviction was produced by a "bill of attainder." Doc. 14-1 at 3. A bill of attainder is a law that isolates disfavored people and summarily

---

[5] Timeliness may be raised *sua sponte* by the court. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition.").

[6] When the plaintiff is a prisoner proceeding pro se in a § 1983 action, the court may order prison officials to investigate the plaintiff's allegations and file the results of that investigation with the court. *Hall*, 935 F.2d at 1109. The report that is created from this investigation is called a *Martinez* report. *Id.*

7

punishes them for past conduct. *Landgraf v. USI Film Prods.*, 511 U.S. 244, 266 (1994). Here, plaintiff never describes how a bill of attainder produced his 2008 conviction. And even if it did, plaintiff never explains why a conviction produced by a bill of attainder creates an exception to the habeas statute's one-year statute of limitations. The court has found no case holding that such an exception exists.

In sum, the court denies plaintiff's habeas relief without prejudice. Plaintiff may refile any habeas claim on court-approved forms in a separate action. But the court also cautions plaintiff that it will dismiss any habeas petition that does not correct the substantive issues, discussed above, that the court has identified.

### B. Claims under § 1983 and *Bivens*[7]

Plaintiff also asserts that § 1983 provides a basis for jurisdiction over this suit. Specifically, he alleges that defendants violated his civil rights by enforcing KORA. With respect to plaintiff's § 1983 and *Bivens* claims based on the 2001, 2008, and 2016 cases, the court cannot address those claims because those underlying convictions still stand. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (holding that a plaintiff cannot recover damages for an unconstitutional conviction under § 1983 unless the underlying conviction has been reversed, expunged, or invalidated); *Wingo v. Mullins*, 400 F. App'x 344, 346–47 (10th Cir. 2010) (applying the *Heck* rule to a *Bivens* claim).[8]

---

[7] While the Complaint never invokes *Bivens* explicitly, the court construes it to assert such a claim because it alleges that Mr. Moore and Mr. Wray—both federal officials—violated plaintiff's constitutional rights. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971) (creating a cause of action against federal officials who violate a person's constitutional rights); *see also Big Cats of Serenity Springs, Inc. v. Rhodes*, 843 F.3d 853, 869 (10th Cir. 2016) ("Section 1983 is not directed at conduct by federal officials. Instead, it provides a remedy against state actors who violate a federal right, pursuant to a state authority.").

[8] Plaintiff argues that *Bivens* overruled *Heck* because the plaintiff in *Bivens* never overturned his conviction. Doc. 16 at 5. But the *Bivens* plaintiff never was convicted, so he had no conviction to overturn. 403 U.S. at 389; *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying the *Heck* rule after the Supreme Court decided *Bivens*).

But the 2015 case is different. It never produced a conviction, so the *Heck* rule does not apply to it. *See Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1095 (10th Cir. 2009) (holding that *Heck* does not apply to a plaintiff's claim when the plaintiff never was convicted). Nevertheless, the Complaint still fails to allege a § 1983 or a *Bivens* claim for the 2015 case sufficiently for four reasons.

*First*, the most glaring error in the Complaint is the absence of any allegations describing how each defendant violated plaintiff's constitutional rights. Fundamental pleading requirements insist that a Complaint make clear exactly "who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1250 (10th Cir. 2008). This requirement is particularly important in § 1983 and *Bivens* cases because personal participation in a constitutional violation is an essential element for individual liability under both theories. *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013).

Here, plaintiff's Complaint has failed to give defendants fair notice of his claims. It includes no allegations describing what each defendant did to violate plaintiff's constitutional rights or even federal law generally. Instead, the Complaint alleges broad conclusions, charging, for example, "unlawful arrest," "wrongful conviction," and "deliberate indifference to health" without providing any factual support for any of these conclusions. Doc. 14 at 2. Merely reciting "'the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). Nor may plaintiff avoid the pleading requirements by referring to a sheaf of exhibits which fail to clarify the basis for his claims. *See Cohen v. Delong*, 369 F. App'x 953, 956–57 (10th Cir. 2010) ("Rule 8 demands more than naked assertions and unexplained citations to voluminous exhibits."); *see also Marks v. Bush*, No. 13-3208-SAC,

9

2014 WL 28710, at *1 n.2 (D. Kan. Jan. 2, 2014) ("[T]he court is not obliged to parse numerous exhibits for elements that plaintiff omitted from his complaint.").

*Second*, "judges are generally immune from suits for money damages." *Stein v. Disciplinary Bd. of Supreme Court of N.M.*, 520 F.3d 1183, 1195 (10th Cir. 2008). This immunity protects judges from suit based on conduct such as placing a criminal defendant in custody, ruling on motions, and issuing written or verbal orders. *Pledger v. Russell*, 702 F. App'x 683, 685 (10th Cir. 2017). To be sure, there are limited exceptions to this immunity. For instance, judges are not absolutely immune from suit for acts taken outside their judicial capacity—for instance, when making employment decisions. *Forrester v. White*, 484 U.S. 219, 229 (1988). And it does not protect judges when they act in the "complete absence of all jurisdiction." *Stein*, 520 F.3d at 1195. Thus, this immunity does not protect "a probate judge, with jurisdiction over only wills and estates" who tries a criminal case. *Stump v. Sparkman*, 435 U.S. 349, 357 n.7 (1978).

This exception only applies in extreme cases. Allegations that a judge has acted "'in excess of his authority'" will not nullify absolute judicial immunity. *Id.* at 357 (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1871)). For example, in *Stump*, a state court judge with general subject matter jurisdiction approved a petition to sterilize a minor. *Id.* at 351–52. The Supreme Court held that absolute judicial immunity protected the judge from a suit based on his decision to approve the petition because no statute or case law at the time stripped the judge of subject matter jurisdiction over sterilization petitions. *Id.* at 358. Because the judge had subject matter jurisdiction to entertain the petition but his approval of the petition was merely an error in judgment, he retained his judicial immunity. *Id.* at 358–59.

*Third*, absolute immunity protects prosecutors from suit for any conduct arising from their role as a prosecutor. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). This protection extends to any activity that is "intimately associated with the judicial phase of the criminal process." *Id.* Such conduct includes filing criminal charges, making motions, and presenting the state's case. *Id.* at 431.

*Finally*, private attorneys cannot incur liability under § 1983. *Dunn v. Harper Cty.*, 520 F. App'x 723, 725–26 (10th Cir. 2013) ("[I]t is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983 when performing their traditional functions as counsel to a criminal defendant. While a private actor who conspires with a judge to deprive someone of a constitutional right can be acting under color of state law, a plaintiff pursuing such a theory of liability must rely on something more than conclusory allegations to state such a cause of action." (internal citations omitted)).

Nevertheless, these substantive concerns aside, the court gives plaintiff one last chance to amend his Complaint to state a valid claim. Perhaps plaintiff can allege facts that will allow the court to conclude that "'*this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.'" *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original)). But if plaintiff fails to cure the deficiencies the court has addressed, he risks the court dismissing his § 1983 claim with prejudice. *See Rueb v. Zavaras*, 532 F. App'x 831, 834 (10th Cir. 2013) (affirming a district court decision to dismiss a case with prejudice because plaintiff

failed to correct the Complaint's deficiencies after the district court advised him multiple times on how to cure them).[9]

### C. Other Pending Motions

After filing the Complaint, plaintiff also has filed several motions and other documents with the court. Some of these motions and documents involve matters well beyond the scope of the Complaint.

For instance, on January 16, 2018, he filed a Motion to Compel, asking the court to order the Butler County District Court to accept his habeas petition, which he filed on double sided paper, contrary to Kan. Sup. Ct. Rule 111. Doc. 16 at 3. This motion also asks the court to prevent Correction Officer Kelly[10] from harassing him and order the Secretary of Corrections to remove his inmate profile from the Kansas Adult Supervised Population Electronic Repository. *Id.* at 4. Plaintiff asks for this relief a second time in a motion he calls "Order of Immediate Injunction." Doc. 18 at 4. Plaintiff also has filed a motion entitled "Motion for Preliminary Injunction," asking the court to issue a preliminary injunction against Mr. Stiffin—the Lansing Correctional Facility Law Librarian—ordering him to stop retaliating against plaintiff. Doc. 22 at 2. Plaintiff has repeated this request in other filings. *See* Doc. 26 at 1; Doc. 29 at 1. The court cannot act on these requests for two reasons.

First, plaintiff has not asked to add the new claims or parties discussed in these motions to his Complaint. Our local rules require any plaintiff who wishes to amend a Complaint to file a motion to amend with an attached copy of the proposed amended complaint. *See* D. Kan. Rule

---

[9] Plaintiff also alludes to 18 U.S.C. §§ 241 and 242 in the Complaint. These are criminal statutes that provide no private cause of action for relief based on violations of civil rights. *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007).

[10] Plaintiff does not provide CO Kelly's first name.

12

15.1(a) ("A party filing a motion to amend or a motion for leave to file a pleading or other document that may not be filed as a matter of right must: (1) set forth a concise statement of the amendment or leave sought; (2) attach the proposed pleading or other document; and (3) comply with the [local rules governing motion practice]."); *see also Jones v. Biltoff*, No. 14-3031-SAC, 2014 WL 1246728, at *5 (D. Kan. Mar. 26, 2014) (dismissing additional claims and defendants because plaintiff never filed a proper motion to amend under the local rules).

Even if plaintiff had followed the proper procedures, the court could not entertain these claims in this suit. Under Fed. R. Civ. P. 20(a)(2), a Complaint can join multiple defendants if the Complaint asserts a right to relief against them arising out of the "same transaction, occurrence, or series of transactions or occurrences," and a question of law or fact common to all defendants will arise in the action. "The Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001). "Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this [multiple]-claim, [multiple]-defendant suit produced but also to ensure that prisoners pay the required filing fees." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also White v. Kan. Dep't of Corr.*, 664 F. App'x 734, 742 (10th Cir. 2016) (affirming a district court's decision to refuse to consider a prisoner's claim that prison officials retaliated against him in a suit originally brought to address deficient medical care because the additional retaliation claim had little to no relation with the deficient medical care claim).

Here, the claims for relief plaintiff asserts in his motions do not arise from "the same transaction, occurrence, or series of transactions or occurrences" as his claim that his convictions are illegal. Fed. R. Civ. P. 20(a)(2). The issues he raises in the new motions address problems

13

based on the conditions of plaintiff's confinement and his ability to access the courts while in prison. Such claims present entirely different factual and legal questions that do not arise from plaintiff's underlying claim that KORA is unconstitutional or that law enforcement conducted an illegal search. *See George*, 507 F.3d at 607. The court thus denies these motions.

Plaintiff's other filings merely reassert issues that plaintiff already asserts in his Complaint. For example, Doc. 25 asks the court to declare that KORA is unconstitutional. Doc. 27 repeats plaintiff's arguments about the legality of a search that produced evidence used to convict plaintiff in the 2016 case. The court already has explained why it cannot take up these claims, *see supra*, Part III.A., so, the court does not repeat its reasoning here. Doc. 31 asks the court for a hearing and for the court to grant him relief quickly. Because the court cannot act on any claim the Complaint asserts, the court denies plaintiff's request for a hearing.

Also, plaintiff protests the filing fee the court assessed from his prison bank account. He argues that assessing the fee violates his right to access the court.[11] Doc. 30 at 1. The Prison Litigation Reform Act ("PLRA") requires a prisoner proceeding *in forma pauperis* to pay the full filing fee. 28 U.S.C. § 1915(b)(1). But the PLRA allows a prisoner proceeding *in forma pauperis* to pay the fee in installments. *See id.* (describing the payment plan). And the PLRA prohibits the court from collecting any payment if the prisoner has $10 or less in his account. 28 U.S.C. § 1915(b)(2). If plaintiff did not have more than $10 in his account at any point in the month of May—the month when the court assessed the fee—plaintiff is correct that no filing fee should have been applied. But plaintiff never asserts that he maintained a balance of $10 or less during that period. So, the court declines to act on this letter.

---

[11] This document is not listed as a motion; instead, it's entitled "Letter to Clerk of the Court from [plaintiff]." *See* Doc. 30.

14

To the extent plaintiff generally challenges the court imposing the filing fee on plaintiff, his challenge fails. "Courts have considered a variety of challenges to the constitutionality of [the PLRA imposing a filing fee] and have uniformly concluded that the provisions pass constitutional muster." *Shabazz v. Parsons*, 127 F.3d 1246, 1248 (10th Cir. 1997). As the Tenth Circuit explained, "[R]equiring prisoners to make economic decisions about filing lawsuits does not deny access to the courts; it merely places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state." *Id.* at 1249 (internal citation and quotation omitted). "To further ensure that prisoners need not totally deprive themselves of those small amenities of life which they are permitted to acquire in a prison . . . beyond the food, clothing, and lodging already furnished by the state, section 1915 allows payment to be taken from the prisoner's account only where the amount in the account exceeds $10." *Id.* at 1248 (internal citation and quotation omitted). Plaintiff's constitutional challenge of the filing fee fails.

Finally, plaintiff has raised several issues about the court's electronic-filing system. First, he wants the Clerk to send him double-sided copies of all electronic filings. Second, he protests the Clerk returning any filing that plaintiff has sent by mail. Third, he asserts that he has not received any notification of his electronic-filings. Under the court's Administrative Procedure for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means,[12] prisoners imprisoned in Kansas Department of Corrections facilities must file all pleadings and other filings electronically. *Id.* at 4. A prisoner completes this process by scanning the document he wishes to file and emailing it to the Clerk's office. *Id.* Then, the court creates a Notice of Electronic Filing confirming the date the document was received and provides an

---

[12] These procedures are available at all Kansas Department of Corrections facilities.

electronic link to the document. The prison where the inmate resides will forward this confirmation to the inmate. *Id.* But the Clerk mails all orders the court enters to a plaintiff prisoner. *Id.* at 5. Given these rules and procedures, plaintiff should have no need for copies of the electronic filings.

Plaintiff makes one final request about the court's electronic-filing system. He asks the court to grant his father access to his case filings. Plaintiff's father can access these filings without court involvement. He may do so by going to https://pacer.psc.uscourts.gov/pscof/registration.jsf, and registering for a PACER account. Once he has registered, he may search for plaintiff's case and download any filings he wishes, subject to any fees imposed by PACER.

## IV. Conclusion

For reasons explained above, the Complaint does not state a claim for relief. So, the court gives plaintiff 30 days to file an Amended Complaint addressing the deficiencies noted in this Order. If plaintiff fails to file an Amended Complaint within 30 days, the court will dismiss this case with prejudice. If plaintiff wishes to file a habeas petition, he must do so in a separate action. Finally, the court denies all pending motions.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff is granted 30 days to amend the Complaint to cure the issues described above.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff's Motion to Compel (Doc. 16), Motion for Order (Doc. 18), Motion for Preliminary Injunction (Doc. 22), Motion for Writ of Habeas Corpus (Doc. 23), Motion for Declaratory Judgment (Doc. 25), Motion for Order (Doc. 27), and Motion for Hearing (Doc. 31) are denied.

**IT IS SO ORDERED.**

**Dated this 11th day of July, 2018, at Topeka, Kansas.**

                                           **s/ Daniel D. Crabtree**
                                           **Daniel D. Crabtree**
                                           **United States District Judge**