IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JASON ALAN JUSTICE,

    Plaintiff,

v.

SAM BROWNBACK, et al.,

    Defendants.

Case No. 16-3215-DDC-TJJ

# MEMORANDUM AND ORDER

The issue before the court is whether pro se plaintiff Jason Alan Justice has complied with the court's July 11, 2018, Order (Doc. 33). It directed Mr. Justice to file an Amended Complaint, providing facts sufficient to state a claim for habeas and civil rights relief. The court—construing Mr. Justice's pleadings liberally—will consider Mr. Justice's filing on August 21, 2018, titled "Plaintiffs Response to Courts Order to Show Cause," as an Amended Complaint. Doc. 38 at 3–60. But, after reviewing Mr. Justice's filing, the court concludes that Mr. Justice has not addressed the dispositive defects identified previously by the court. For this reason, the court dismisses Mr. Justice's case.

**I.**     **Facts**

Mr. Justice is a prisoner at the Lansing Correctional Facility. In 2016, a state court jury convicted Mr. Justice of violating the Kansas Offender Registration Act ("KORA"). An appeal from that conviction currently is pending in the Kansas Court of Appeals. Mr. Justice also has convictions from 2001 and 2008. And, Kansas state prosecutors filed a third case against Mr. Justice in 2015, but those charges were dismissed.

Mr. Justice filed his initial Complaint in 2016 while in pretrial detention at the Sedgwick County Detention Facility. Mr. Justice sought habeas relief under 28 U.S.C. § 2241 and further relief under 42 U.S.C. § 1983. U.S. Senior District Judge Sam A. Crow screened Mr. Justice's initial Complaint and concluded that Mr. Justice's action was subject to dismissal in its entirety as frivolous and for failure to state a claim. Doc. 10 at 9. Judge Crow granted Mr. Justice 30 days to show good cause why the court should not dismiss the action. Mr. Justice responded with a Preliminary Response Brief and an Amended Complaint. Docs. 13–14. Mr. Justice's case was then reassigned to the undersigned District Judge.

In July 2018, the court screened Mr. Justice's Amended Complaint. Doc. 14. The Amended Complaint lists 17 defendants and identifies three causes of action. Count I alleges that KORA violates the Fourteenth Amendment of the U.S. Constitution. Count II alleges a Fourth Amendment violation based on an allegedly illegal search and seizure that produced evidence used to convict plaintiff in 2016. And, Count III alleges that KORA violates the First, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, Thirteenth, and Fourteenth Amendments.

In its July 11 Order, the court concluded that Mr. Justice had failed to state a claim for relief for his habeas, § 1983, and *Bivens*[1] claims because of several dispositive defects in the Amended Complaint. The court then granted Mr. Justice an additional 30 days to file a Second Amended Complaint. Doc. 33 at 16. The court warned Mr. Justice that failure to file an Amended Complaint within 30 days would result in dismissal of his case with prejudice. *Id.* The court also directed Mr. Justice, if he wished to proceed with his habeas corpus claim, to file a separate action. *Id.*

---

[1] Mr. Justice clarified that he invoked *Bivens* in previous pleadings to argue that the holding of *Heck v. Humphrey*, 512 U.S. 477 (1994), is inapplicable to his case. Doc. 38 at 25. Under its duty to construe Mr. Justice's filings broadly, the court continues to assess whether Mr. Justice has stated facts sufficient to support a *Bivens* claim *in addition to* his other claims for relief.

In response, Mr. Justice filed a Motion for Extension of Time, which the court granted. Doc. 35. So, Mr. Justice's Amended Complaint then was due on August 27, 2018. Mr. Justice filed a "Mandamus to Suppress Sophistry" on August 21, 2018. Doc. 38. This filing also included "Plaintiffs Response to Courts Order to Show Cause." Doc. 38 at 3–60. In the interim, Mr. Justice also has filed a bevy of motions and notices, which the court will consider below. Docs. 36, 37, 38, 39, 40, 41, 42, 43, 45, 46, 47, 48.

## II. Legal Standard

This case is before the court to screen the Complaint under 28 U.S.C. § 1915A and decide Mr. Justice's pending motions. The court is mindful that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But a pro se litigant is not relieved from following the same procedural rules as any other litigant. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Likewise, the court may not act as an advocate for the litigant. *Hall*, 935 F.2d at 1110.

When screening the Complaint, the court determines whether it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). So, the court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (using the same standard courts apply to a Rule 12(b)(6) motion when screening the complaint of an *in forma pauperis* litigant). The court views the Complaint's well-pleaded factual allegations in the light most favorable to plaintiff. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). But a Complaint does not state a claim for relief simply by alleging that

the elements of a cause of action are met, or making broad legal conclusions. *Iqbal*, 556 U.S. at 678. The governing case law instructs the court that it need not accept legal conclusion as true. *Id.*

## III.     Discussion

### A.      "Plaintiffs Response to Courts Order to Show Cause" (Doc. 38 at 3–60)

While the court will liberally construe Mr. Justice's "Plaintiffs Response to Courts Order to Show Cause" as an Amended Complaint, it again finds the same defects outlined in the court's July 11 Order. Doc. 38 at 3–60. Mr. Justice does not bolster his response with facts, as requested by the court. Instead, Mr. Justice relies on previously submitted materials to support his allegations, accuses the court of sophistry, and contests the case law relied on by the court. *See, e.g.*, Doc. 38 at 24 (giving the court "one last chance" to "READ THE RECORD" as [plaintiff has] presented it); *id.* at 5 (arguing that sovereign immunity does not exist in the United States); *id.* at 23 (contesting that prosecutors, among others, are not generally entitled to immunity for § 1983 claims); *id.* at 21 (arguing that the court should not apply the *Heck* rule).

As Mr. Justice relies back on his previous filings, the court also relies on the discussion in its July 11 Order. There, the court screened Mr. Justice's claims in his Amended Complaint. Doc. 33 at 1; Rule 4 of the Rules Governing Section 2254 Cases; 28 U.S.C. § 1915(e)(2)(B). Specifically, Mr. Justice's Amended Complaint requested habeas corpus relief and alleged claims under § 1983 and *Bivens*.

The court first addressed Mr. Justice's habeas claims. As a preliminary matter, the court dismissed Mr. Justice's habeas claim without prejudice because he had not filed his habeas petition on court approved forms. D. Kan. Rule 9.1(a). Notwithstanding the procedural defects, the court also found that Mr. Justice's request for habeas relief for his 2001, 2008, and 2016

4

cases faced several dispositive shortcomings. Doc. 33 at 5. For example, Mr. Justice did not establish that he had exhausted his state remedies for his 2008 and 2016 cases. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). And, because Mr. Justice's 2016 case is still pending appeal, the "*Younger* abstention doctrine 'precludes this court's intervention in plaintiff's pending criminal action.'" Doc. 33 at 5 (quoting Doc. 10 at 3) (citing *Younger v. Harris*, 401 U.S. 31 (1971)) . Last, the court found that Mr. Justice's claims based on the 2001 and 2008 case were untimely. *Id.* at 7; *see also id* (addressing and denying Mr. Justice's actual innocence and bill of attainder arguments).

For Mr. Justice's § 1983 and *Bivens* claims, the court found that the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994) precludes the court from considering Mr. Justice's claims because his 2001, 2008, and 2016 convictions still stand. *See* Doc. 33 at 8. In Mr. Justice's Response to Show Cause, he argues that *Heck* has been superseded. The court disagrees. *See id.* at 8 n.8. And, to the extent that the 2015 charge creates a cause of action under § 1983 or *Bivens*, the court refers back to the four defects identified in Mr. Justice's Complaint, which Mr. Justice has left unaddressed. Doc. 33 at 9.

The court warned that if "[Mr. Justice] fail[ed] to file an Amended Complaint within 30 days, the court will dismiss this case with prejudice." Doc. 33 at 16. Mr. Justice has filed many things since the court's July 11 Order—*e.g.*, Judicial Notice (Doc. 37), Motion for Mandamus to Suppress Sophistry (Doc. 38), Notice of Writ of Mandamus (Doc. 39)—but, insofar as the court can consider "Plaintiff Response to Courts Order to Show Cause" as an Amended Complaint, Mr. Justice is uninterested in complying with the court's directives. *See, e.g.*, Doc. 38 at 10 ("There are other misstatements of fact and law made by Mr. Crabtree, but it is sufficient to say that his personal 'Screening' exercises and habits are contrary to the language as enumerated in

5

28 USCS 1916A . . . such is sufficient to question the competency of Mr. Crabtree as a judge of a Federal District Court to decide matters fairly and accurately."); *id.* at 13 (explaining how a "TRUE American Judge" would decide Mr. Justice's case). Here, Mr. Justice has placed the cart squarely in front of the horse: Mr. Justice critiques the court's screening procedures, but he fails to amend his pleadings with the facts necessary to survive those screening procedures.

The court identified those defects in detail and provided ample time, including an extension of time, to remedy those defects. *See* Doc. 35. The court also warned Mr. Justice that the court would dismiss his case with prejudice if he failed to comply. Doc. 33 at 16; *see also Fuentes v. Chavez*, 314 F. App'x 143, 145 (10th Cir. 2009) ("There is a limit to how many bites even a pro se litigant can have at the apple[.]"). Because Mr. Justice has not addressed the defects identified in the July 11 Order, the court dismisses his § 1983 and *Bivens* claims with prejudice. The court previously dismissed Mr. Justice's habeas claims without prejudice. Doc. 33 at 8. And, because his 2016 case is pending in the Kansas Court of Appeals, the court reaffirms that dismissal without prejudice.

### B. Other Pending Motions

Because the court finds that Mr. Justice's case is subject to dismissal, his pending motions are denied as moot. But, alternatively, the court explains briefly why it also denies these motions on substantive grounds: These motions are like those considered in the court's July 11 Order because, as discussed below, they go well beyond the scope of the Complaint.

In August 2018, Mr. Justice filed a "Motion to Intervene, Preliminary Injunction" (Doc. 36). Plaintiff asks the court to compel Lansing Correctional Facility Warden Sam Cline to provide plaintiff with more time in the law library. *Id.* at 1. Specifically, Mr. Justice contends that Warden Cline restricts his access to the law library to one hour per day. *Id.* And, more

recently, Mr. Justice filed a "Memorandum of Writ of Mandamus and Preliminary Injunction" (Doc. 48), which seeks to halt two employee-contractors of Corizon Health from adjusting his medication regimen.

Mr. Justice has filed similar motions with similar allegations in past filings. *See, e.g.*, Doc. 22; Doc. 29.[2] And, the court has addressed Mr. Justice's law library access issue, most recently in its July 11 Order. *See* Doc. 33 at 12–14. As the court explained:

> First, [Mr. Justice] has not asked to add the new claims or parties discussed in these motions to his Complaint. Our local rules require any plaintiff who wishes to amend a Complaint to file a motion to amend with an attached copy of the proposed amended complaint. *See* D. Kan. Rule 15.1(a) ("A party filing a motion to amend or a motion for leave to file a pleading or other document that may not be filed as a matter of right must: (1) set forth a concise statement of the amendment or leave sought; (2) attach the proposed pleading or other document; and (3) comply with the [local rules governing motion practice]."); *see also Jones v. Biltoff*, No. 14-3031-SAC, 2014 WL 1246728, at *5 (D. Kan. Mar. 26, 2014) (dismissing additional claims and defendants because plaintiff never filed a proper motion to amend under the local rules).

---

[2] Mr. Justice has filed several "Notices" with the court that—although not styled as motions—request relief. For example, Mr. Justice reiterated a request for more law library access in a "Judicial Notice and Notice of Factual Hardship" (Doc. 37) and "Notice to Clerk of the Court re: Record Presentation and Update" (Doc. 41). In the first Notice, Mr. Justice also requested that the court sua sponte order the Clerk of the Court for the Kansas Supreme Court to grant him access to the Kansas courts. Doc. 37 at 2.

And, in "Notice of Writ of Mandamus" (Doc. 39), Mr. Justice asks the court to direct several governmental organizations—including the Kansas Department of Corrections, Lansing Correctional Facility; Kansas Supreme Court and Court of Appeals; and Sedgwick County District Court—to take action. Doc. 39 at 1–2.

In "Notice to the Court and Clerk" (Doc. 40), Mr. Justice alleges that his mail has been mishandled by the "KDOC and/or Post Office General Staff." *Id.* at 1.

Mr. Justice also filed a Notice to Clerk of the Court (Doc. 46), which reiterates many claims discussed above and also describes Mr. Justice's dissatisfaction with his appointed lawyer on appeal. Mr. Justice also has filed a Declaration of Danger to Constitutional Guarantees (Doc. 47).

The court finds that its rationale for denying Mr. Justice's motions—discussed in the body of this Order—also support denying Mr. Justice's various requests in these notices.

> Even if [Mr. Justice] had followed the proper procedures, the court could not entertain these claims in this suit. Under Fed. R. Civ. P. 20(a)(2), a Complaint can join multiple defendants if the Complaint asserts a right to relief against them arising out of the "same transaction, occurrence, or series of transactions or occurrences," and a question of law or fact common to all defendants will arise in the action. "The Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001). "Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this [multiple]-claim, [multiple]-defendant suit produced but also to ensure that prisoners pay the required filing fees." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also White v. Kan. Dep't of Corr.*, 664 F. App'x 734, 742 (10th Cir. 2016) (affirming a district court's decision to refuse to consider a prisoner's claim that prison officials retaliated against him in a suit originally brought to address deficient medical care because the additional retaliation claim had little to no relation with the deficient medical care claim).
>
> Here, the claims for relief [Mr. Justice] asserts in his motions do not arise from "the same transaction, occurrence, or series of transactions or occurrences" as his claim that his convictions are illegal. Fed. R. Civ. P. 20(a)(2). The issues he raises in the new motions address problems based on the conditions of plaintiff's confinement and his ability to access the courts while in prison. Such claims present entirely different factual and legal questions that do not arise from plaintiff's underlying claim that KORA is unconstitutional or that law enforcement conducted an illegal search. *See George*, 507 F.3d at 607. The court thus denies these motions.

*Id.*

For the same reasons, the court denies Mr. Justice's two new motions. Mr. Justice has not asked to join new parties or claims by filing a motion to amend his Complaint; instead—in his words—Mr. Justice "flat out REFUSE[s] to file 'new' actions." Doc. 38 at 24. But—much like plaintiff's previous motions seeking additional law library access—these claims present entirely different factual and legal questions that do not arise from plaintiff's underlying claim that KORA is unconstitutional or that law enforcement conducted an illegal search. The court

thus denies plaintiff's "Motion to Intervene, Preliminary Injunction" (Doc. 36) and "Memorandum of Writ of Mandamus and Preliminary Injunction" (Doc. 48).

Mr. Justice also filed a Motion for Judgment (Doc. 45) where he reiterates that he has pleaded sufficient facts to state a claim. The court already has found in Part III.A that Mr. Justice has not cured the defects identified in his Amended Complaint. The court thus denies Mr. Justice's Motion for Judgment (Doc. 45).

The court also will deny plaintiff's Motion to Suppress Sophistry (Doc. 38). Sophistry is "[t]he use of plausible but fallacious arguments; ingenious argumentative trickery." *Sophistry*, Black's Law Dictionary (10th ed. 2014). In short, plaintiff contends that the court's July 11 Order is rooted in sophistry. Respectfully, the court disagrees. It is beyond debate that it is "emphatically the province and duty of the judicial department to say what the law is." *Marbury v. Madison*, 5 U.S. 137, 177 (1803). And, it is apparent that plaintiff views any unfavorable decision against him by the court as "sophistry." *See, e.g.*, Doc. 38 at 13 ("WHEREFORE, QUASI ESTOPPEL is requested in this case to further ESTOP Mr. Crabtree, or any other judge, from creating court-made sophistries in order to deny relief[.]"). The court is bound by Supreme Court and Tenth Circuit precedent. It has and will continue to interpret and apply the law based on those parameters. For these reasons, the court denies Mr. Justice's Motion for Mandamus to Suppress Sophistry (Doc. 38).[3]

Mr. Justice also asks the Clerk of the Court to open a new action for his "In Rem Action" attacking KORA and the federal Sex Offender Registration and Notification Act ("SORNA").

---

[3] In "Motion for Mandamus to Compel Judicial Officer(s) Response and Motion to Merge Actions: Habeas Corpus, Void Judgment, Void Illegal Sentence and Civil Rights Complaint with Memorandum of Law" (Doc. 42), Mr. Justice reiterates that the court may not rely on sophistry; that judicial officers must not abandon their clearly defined constitutional duties; and that Mr. Justice is entitled to habeas relief. For reasons already explained, the court also denies this motion.

Doc. 40 at 2. This filing is titled "In the Matter of the Constitutionality of the Kansas Offender Registration Act." *Id.* at 3. Mr. Justice informs the clerk to file his "in rem" action under a separate case number. In short, Mr. Justice asks the court to "VOID the KORA" and rule as void several Kansas Supreme Court decisions. Plaintiff previously has requested similar relief. Doc. 33 at 14 ("For example, Doc. 25 asks the court to declare that KORA is unconstitutional . . . The court already has explained why it cannot take up these claims . . . so, the court does not repeat its reasoning here."). Nevertheless, Mr. Justice again asks the court to declare KORA unconstitutional.

The court—guided by *Younger* abstention—cannot grant plaintiff's request. Federal courts generally should abstain from enjoining state criminal proceedings that (1) are ongoing, (2) offer an adequate forum to hear the plaintiff's federal claims, and (3) implicate important state interests. And, "'the same equitable principles relevant to the propriety of an injunction [apply] to . . . a declaratory judgment. . . . [W]here an injunction would be impermissible under these principles, declaratory relief should ordinarily be denied as well.'" *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) (quoting *Samuels v. Mackell*, 401 U.S. 66, 73 (1971)). Here, Mr. Justice's prosecution in Case No. 16-CR-2867 for violating KORA still is pending. And, Mr. Justice has not persuaded the court that the Kansas state courts would be inadequate forum to hear his federal claims. Last, state court criminal cases implicate important state interests. Thus, the court concludes that it lacks jurisdiction over plaintiff's purported new action, whether or not a new case number is assigned to it.

### C. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability ("COA") upon entering a final adverse order. A COA may

10

issue only if the petitioner made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The court declines to issue a certificate of appealability for its dismissal of Mr. Justice's habeas claims because it finds nothing in the record suggesting that its ruling is debatable or is an incorrect application of the law.

**IT IS THEREFORE ORDERED** that the court construes Mr. Justice's "Plaintiffs Response to Show Cause Order" (Doc. 38 at 3–60) as his Second Amended Complaint. Finding that Mr. Justice has not addressed previously identified deficiencies from the court's July 11 Order, the court dismisses plaintiff's § 1983 and *Bivens* claims with prejudice.

**IT IS FURTHER ORDERED** that Mr. Justice's habeas claims are dismissed without prejudice, and the court denies a certificate of appealability.

**IT IS FURTHER ORDERED** that Mr. Justice's "Motion to Intervene, Preliminary Injunction" (Doc. 36); "Motion to Suppress Sophistry" (Doc. 38); "Note to the Court and Clerk" (Doc. 40); "Motion for Mandamus to Compel Judicial Officer(s) Response and Motion to Merge Actions: Habeas Corpus, Void Judgment, Void Illegal Sentence and Civil Rights Complaint with Memorandum of Law" (Doc. 42); "Motion for Judgment" (Doc. 45); "Memorandum of Writ of Mandamus and Preliminary Injunction" (Doc. 48) are denied.

**IT IS SO ORDERED**.

**Dated this 20th day of November, 2018, at Kansas City, Kansas.**

                                              **s/ Daniel D. Crabtree**
                                              **Daniel D. Crabtree**
                                              **United States District Judge**