# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JASON ALAN JUSTICE,

        Plaintiff,

v.

STATE OF KANSAS, et al.,

        Defendants.

Case No.  16-3215-DDC-TJJ

## MEMORANDUM AND ORDER

Plaintiff has filed a document titled "Void Judgment and Recusal."  Doc. 53.  The court construes his filing as a Motion for Recusal under 28 U.S.C. § 455.[1]  Doc. 53.  Under § 455, a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," or "[w]here he has a personal bias or prejudice concerning a party . . . ."  28 U.S.C. § 455(a) & (b)(1).  The test for determining impartiality is an objective one, based on a judge's "outward manifestations and reasonable inferences drawn therefrom."  *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (citation omitted).

Here, plaintiff seeks to remove the judicial officer assigned to this case.  Plaintiff argues that the assigned judge has shown bias against him because the court's November 20, 2018, Order dismissed plaintiff's habeas claims without prejudice; dismissed his 42 U.S.C. § 1983 and *Bivens* claims with prejudice; and denied several of plaintiff's motions.  Doc. 49.  Adverse

---

[1]      Because plaintiff proceeds pro se, the court construes his pleadings liberally.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that courts must construe pro se litigant's pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers).  But, under this standard, the court does not assume the role as plaintiff's advocate.  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  The court does not construct arguments for plaintiff or search the record.  *Id.*

rulings are no reason for recusal. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997) (stating that "adverse rulings 'cannot in themselves form the appropriate grounds for disqualification'" (quoting *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992))). So, plaintiff fails to establish any grounds to remove the assigned judge from this case.

Plaintiff's filing never invokes Fed. R. Civ. P. 59 or 60. But, plaintiff cites Kan. Stat. Ann. § 60–260(b)(4), the Kansas statute governing motions seeking relief from a final judgment. To the extent the court could construe plaintiff's filing as a motion seeking relief under Fed. R. Civ. P. 59 or 60, he fails to meet the standard for either rule. Relief under Rule 59(e) requires "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Plaintiff has not cited an intervening change in law or presented new evidence. He also fails to show a need to correct clear error or prevent manifest injustice. His unsubstantiated claims about bias do not meet this standard.

Relief under Rule 60(b) requires at least one of one of six grounds for relief from judgment: 1) mistake, inadvertence, surprise or excusable neglect; 2) newly discovered evidence; 3) fraud; 4) the judgment is void; 5) the judgment has been satisfied or discharged; or 6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)–(6). Plaintiff does not establish any reasons warranting this "extraordinary" relief. *Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016) (quoting *ClearOne Commc'ns, Inc. v. Bowers*, 643 F.3d 735, 754 (10th Cir. 2011)). Thus, to the extent plaintiff intended to seek relief under Fed. R. Civ. P. 59 or 60, the court also denies relief under those rules.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Recusal (Doc. 53) is denied.

**IT IS SO ORDERED.**

**Dated this 28th day of August, 2019, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree_____**
**Daniel D. Crabtree**
**United States District Judge**
