**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**JASON ALAN JUSTICE,**

      **Plaintiff,**

**v.**

**STATE OF KANSAS, et al.,**

      **Defendants.**

Case No. 16-3215-DDC-TJJ

**MEMORANDUM AND ORDER**

Pro se[1] plaintiff Jason Alan Justice filed a document titled "Declaration of Void Judgement and Writ of Error Corum Nobis" (Doc. 56). Its contents are familiar. The court denied plaintiff's prior Motion to Void Judgment and Recusal (Doc. 53). *See* Doc. 54 at 2. In that earlier motion, plaintiff cited Kan. Stat. Ann. § 60-260(b)(4), the Kansas rule of civil procedure governing motions seeking relief from a final judgment. *See* Doc. 53 at 1. The court held that to the extent it could construe plaintiff's motion as one for relief under Federal Rules of Civil Procedure 59 or 60, he had failed to satisfy the requirements of either rule. *See* Doc. 54 at 2. It also concluded that plaintiff failed to establish any grounds to remove the assigned judge from the case. *See id.*

Here, plaintiff asks the court to retread ground already covered in the earlier Order (Doc. 54). *See* Doc. 56 at 1. To support his reassertion that the court's judgments are void, plaintiff

---

[1] Because plaintiff proceeds pro se, the court construes his pleadings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that courts must construe pro se litigant's pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers). But, under this standard, the court does not assume the role as plaintiff's advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). The court does not construct arguments for plaintiff or search the record. *Id.*

again cites Kan. Stat. Ann. § 60–260(b)(4), as well as "Federal Rule § 60," which the court construes as a reference to Federal Rule of Civil Procedure 60.  *See id.*  Although plaintiff titled his filing as a "Declaration" and not a motion, the court liberally construes the filing as another motion seeking relief under Rule 60(b)(4). [2]  But the court already concluded that plaintiff failed to satisfy Rule 60.  *See* Doc. 54 at 2.  Plaintiff also reasserts that the assigned judge must be recused.  Doc. 56 at 1.  Again, the court already concluded that plaintiff failed to support that claim.  *See* Doc. 54 at 2.  Plaintiff's filing is repetitive and contains no new or different grounds that would qualify for relief under Rule 60.  The court thus denies his motion.

Plaintiff also has filed a document titled "Request for Statu[ ]s Update & Immediate Due Process Hearing" (Doc. 57).  In response, the Clerk of the Court mailed plaintiff a copy of the docket sheet.  *See* Docket Entry 57 ("(Docket sheet mailed to Plaintiff Justice.)").  Thus, his request for a status update now is moot.  So, the court can deny that request.  The court also declines to grant his request for an "immediate due process hearing."  *See* Doc. 57 at 1.  Plaintiff provides no authority or any other reason why the court should grant him an immediate due process hearing.  The court thus denies the relief plaintiff seeks in this filing.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's "Declaration of Void Judgement and Writ of Error Coram Nobis" (Doc. 56) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff's "Request for Statu[ ]s Update & Immediate Due Process Hearing" (Doc. 57) is denied.

---

[2] Plaintiff also describes this filing as a "renewed and revised VOID JUDGMENT" in a separate filing.  *See* Doc. 57 at 1.  This description gives the court another reason to construe his "Declaration" as another motion seeking relief under Rule 60(b)(4).

**IT IS SO ORDERED.**

**Dated this 5th day of November, 2020, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**
